UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
———————————————————————

CAYUGA NATION,

|  |  |
|---|---|
| Plaintiff, | **MEMORANDUM OF LAW** |
|  | **6:24-CV-06531-EAW** |
| -vs- |  |

THE HONORABLE BARRY L. PORSCH,
in his official capacity as Acting Justice of the
Supreme Court of the State of New York,
Seneca County, et al.,

                     Defendants.

———————————————————————

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PORSCH'S MOTION TO DISMISS AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

LETITIA JAMES
Attorney General of the State of New York
*Attorney for Defendant Porsch*

**John Marsella**
**Assistant Attorney General**
**New York State Office of the Attorney General**
Rochester Regional Office
144 Exchange Blvd., Suite 200
Rochester, New York 14614
Tel: (585) 327-3225
Fax: (585) 546-7514
john.marsella@ag.ny.gov

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ................................................................................. **5**

**STATEMENT OF ALLEGED FACTS** ...................................................................... **6**

**ARGUMENT** ................................................................................................................ **8**

PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(1)
BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION ................................. 8

PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE OF THE DOCTRINE OF
ABSTENTION ...................................................................................................................... 10

SIMILARLY PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THE
CLAIMS ARE NOT RIPE ..................................................................................................... 13

ABSOLUTE JUDICIAL IMMUNITY AND THE ELEVENTH AMENDMENT REQUIRES
DISMISSAL OF THIS ACTION PURSUANT TO FRCP 12(b)(6) ........................................... 14

PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF SHOULD
SIMILARLY BE DENIED ..................................................................................................... 18

PLAINTIFF HAS NOT ESTABLISHED A LIKELIHOOD OF SUCCESS ON THE MERITS
BECAUSE JUDGE PORSCH IS IMMUNE FROM SUIT DUE TO JUDICIAL IMMUNITY
AND THE ELEVENTH AMENDMENT .................................................................................. 19

PLAINTIFF HAS NOT ESTABLISHED AN IRREPARABLE INJURY ................................... 19

PLAINTIFF HAS NOT ESTABLISHED AN INJUNCTION IS IN THE PUBLIC INTEREST 20

THIS MATTER SHOULD BE DISMISSED FOR THE REASONS ARTICULATED BY CO-
DEFENDANTS ..................................................................................................................... 21

**CONCLUSION** ......................................................................................................... **21**

# TABLE OF CONTENTS

## Cases

*29 Flatbush Ave. Assocs., LLC v. Cain*, No. 17-CV-6173, 2017 U.S. Dist. LEXIS 194589, 2017 WL 5696485, at *2 (E.D.N.Y. Nov. 27, 2017) .......................................................................... 9

*Aboujdid v Singapore Airlines*, 67 NY2d 450, 459, (1986) .......................................................... 16

*Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005) ..................................................................... 9

*Antoine v. Byers & Anderson, Inc.* 508 U.S. 429, 435 – 436 (1993) ........................................... 19

*Brillhart v. Excess Insurance Company*, 316 U.S. 491 (1942) ...................................................... 10

*Burns v. Reed,* 500 U.S. 478, 500 (1991) ..................................................................................... 19

*Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020) ................................................................... 14

*Cayuga Nation v Campbell*, 34 NY3d 282, 293 (2019) ................................................................ 13

*Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) ................... 10

*Dawkins v Biondi Educ. Ctr.*, 164 F Supp 3d 518, 526, n 2 (SDNY 2016) ..................................... 6

*Ex parte Young*, 209 US 123, 163 (1908) .................................................................................... 17

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283, (2005) ............................... 12

*Gross v. Rell*, 585 F.3d 72, 88 (2d Cir. 2009) .............................................................................. 15

*Huminski v. Corsones*, 396 F.3d 53, 75 (2d Cir. 2004) ................................................................ 15

*JTH Tax, LLC v Agnant*, 62 F.4th 658, 667 (2d Cir 2023) ............................................................ 18

*Matter of Cayuga Nation v Parker*, 229 AD3d 1066, 1068 (4th Dept 2024) .............................. 13

*Mireles v. Waco*, 502 U.S. 9, 11 (1991) ....................................................................................... 14

*Natl. Farmers Union Ins. Cos. v Crow Tribe of Indians*, 471 US 845, 853 (1985) ........................ 8

*New York v Shinnecock Indian Nation*, 686 F3d 133, 138 (2d Cir 2012) ...................................... 8

*Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) ................................................... 6

*NY Civ. Liberties Union v Grandeau*, 528 F3d 122, 130, (2d Cir 2008) ...................................... 14

*Oliphant-Macher v Macher*, 2024 US Dist LEXIS 175465, at *9 (D Conn Sep. 27, 2024, No. 3:23-CV-1450 (SVN) ................................................................................................................................ 15

*Oliva v. Brookwood Coram I, LLC*, No. 14-CV-2513, 2015 U.S. Dist. LEXIS 179084, 2015 WL 13745439, at *6 (E.D.N.Y. Nov. 30, 2015) ................................................................................ 21

*Orange Transportation Servs., Inc. v. Volvo Grp. N. Am., LLC*, 450 F. Supp. 3d 311, 318 (W.D.N.Y. 2020) ......................................................................................................................................... 14

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102, 104 (1984) ............................... 14

*Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990) ........................................................................... 17

*Portalatin v. Graham*, 624 F.3d 69, 89- 90 (2d Cir. 2010) ......................................................... 16

*Robinson v. Sessions*, 260 F. Supp. 3d 264, 271–72 (W.D.N.Y. 2017) ........................................ 14

*See New Yorker Hotel Mgt. Co. v Barreto,* 2022 US Dist LEXIS 78766, at *7 (SDNY Apr. 29, 2022, No. 22-CV-2960 (LTS) ................................................................................................................ 17

*Sherpa v New York City Health & Hosps. Corp.*, 90 AD3d 738, 740, 934 NYS2d 463 (2d Dept 2011) .... 16

*Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) .................................. 6

*United Mut. Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002) ........................ 9

*Van Aernam v Nenno*, 2006 US Dist LEXIS 38402, at *11 (WDNY June 9, 2006, No. 06-CV-0053C(F)). 9

*Weinstein v. Bogacz*, 320 F. App'x 56, 57 (2d Cir. 2009) (Summary Order) ................................ 12

*Weiss v New York*, 2024 U.S. App. LEXIS 13590, at *3 (2d Cir June 5, 2024, No. 22-2326-cv) (*quoting Spargo v. N.Y. State Comm'n on Jud. Conduct*, 351 F.3d 65, 74 (2d Cir. 2003) .................. 12

*Whole Woman's Health v. Jackson*, 595 U.S. 30, 39-40 (2021) .................................................. 17

*Wilton v. Seven Falls Company*, 515 U.S. 277 (1995) ................................................................. 10

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24, (2008) ............................................................ 18, 20

*Youell v. Exxon*, 74 F.3d 373 (2nd Cir. 1996) ............................................................................... 10

*Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) ............................................................................ 15

## Statutes

25 U.S.C. § 233 .............................................................................................................................. 8, 20

28 U.S.C. § 2283 ............................................................................................................................. 18

28 U.S.C. §§ 1331 and 1362 .......................................................................................................... 8

Civil Practice Law and Rules ("CPLR") § 202.71 ........................................................................ 5

CPLR § 6301 .................................................................................................................................. 16

FRCP 12(b)(1) ................................................................................................................................ 10

FRCP 12(b)(6) ................................................................................................................................ 17

Indian Law §§ 5 and 11-a .............................................................................................................. 13

Rule 12(b)(6) .................................................................................................................................. 14

## PRELIMINARY STATEMENT

Plaintiff Cayuga Nation ("Nation") has brought this action under the "federal common law of Indian affairs" seeking declaratory and injunctive relief preventing the Honorable Barry L. Porsch ("Judge Porsch") from performing his official duties as an Acting Justice of the Seneca County New York State Supreme Court. However, Judge Porsch has the authority to hear and adjudicate domestication proceedings, to rule on orders to show cause ("OTSC"), to issue preliminary injunctions, and to grant temporary restraining orders under New York law.

Judge Porsch, Acting Justice of the Seneca County New York State Supreme Court, is the presiding judge in two proceedings brought by the Cayuga Nation ("Nation") asking New York State to recognize tribal judgments pursuant to New York State Civil Practice Law and Rules ("CPLR") § 202.71, the *Matter of Cayuga Nation v. Darren Kettle,* (Index No. 20210286) and the matter of *Matter of Cayuga Nation v. Leanna Kettle,* (Index No. 20210297). *See Verified Petitions, ECF 1-5, 1-6.* These matters would not exist if the Nation did not bring them into the Seneca County Supreme Court. In both of these cases, the responding parties filed Orders to Show Cause Seeking Temporary Restraining Orders and Preliminary Injunctions. *See Orders to Show Cause. ECF 1-21, 1-23.* Judge Porsch signed the OTSCs on August 26, 2024, maintaining the status quo, and scheduled prompt hearings on the matters for September 13th. *Id.* Before the OTSC hearings took place, before the Nation filed its opposition to the OTSCs, before Judge Porsch had an opportunity to hear from the Nation or issue a true ruling on the merits, the Nation initiated this federal action. They now ask this Court to invalidate the very system of rule they sought to invoke to domesticate their tribal rulings.

This memorandum is submitted in support of Defendant Porsch's motion to dismiss the complaint and in opposition to the motion for a preliminary injunction on separate and independent

grounds that: this Court lacks of subject matter jurisdiction to hear this action; the abstention doctrine requires dismissal of the action; Plaintiff has failed to state a claim; and the motion for preliminary injunctive relief should be denied; and finally, this Court should deny the preliminary injunctive relief and dismiss this action because Judge Porsch's actions are protected by the doctrine of judicial immunity.

STATEMENT OF ALLEGED FACTS

For the purposes of this motion, without waiving any defenses or conceding any facts as admitted, Judge Porsch summarizes the facts as alleged and contained in the *Complaint, the Motion for Preliminary Injunction,* documents incorporated by reference[1], regulations[2], proceedings[3], and documents[4] this Court may take judicial notice of.

On February 9, 2012, Leanna Kettle entered into a lease agreement with Cayuga Nation to rent property at 22 Seneca Road, in Seneca Falls, New York. *See Marsella Declaration, Exhibit A. Residential Lease Agreement; Index No. 2021-0297, NYSCEF Doc. 70.* On December 22, 2013, Darren Kettle entered into a lease agreement with Cayuga Nation to rent property at 3016 E. Bayard Street in Seneca Falls, New York. *See Cayuga Nation Housing Department Residential Lease Agreement; ECF 1-14, pg. 10-21.*

---

[1] *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) ("A complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference").

[2] *See Dawkins v Biondi Educ. Ctr.*, 164 F Supp 3d 518, 526, n 2 (SDNY 2016) (noting the Court's ability to take note of regulations).

[3] *See Harris ex rel. Harris v BNC Mtge., Inc.,* 2017 US Dist LEXIS 45630, at *7 (EDNY Mar. 28, 2017, No. 16-CV-2126 (MKB)) ("A court can take judicial notice of state court decisions on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure")*; Rates Tech. Inc. v. Speakeasy, Inc.,* 685 F.3d 163, 167 (2d Cir. 2012) ("We may 'take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings.")

[4] *See Halebian v. Berv*, 644 F.3d 122, 130 n.7 (2d Cir. 2011) ("[I]t is well established that on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court may also rely upon 'documents attached to the complaint as exhibits and documents incorporated by reference in the complaint.'"); *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) ("[M]ay also consider matters of which judicial notice may be taken").

These leases each contain a clause titled, "Governing Law, Jurisdiction, Venue, Authority of Landlord" which state, "Tenant agrees that this Lease shall be governed by the laws of the State of New York, and no other law(s), be it the law of the Cayuga Nation or any other entity, shall apply to the Tenant's performance of the terms and conditions of this Lease. Tenant agrees to be subject to the jurisdiction of courts of the State of New York, including Seneca County Supreme Court or Seneca County Court, or the Town of Seneca Falls Town Court, in Landlord's sole determination, in connection with any action brought by Landlord against Tenant to enforce the terms and conditions of this Lease." *Id.* at pg. 19; *Marsella Dec. Ex. B*, at pg. 10-11.

On January 12, 2021, the Nation instituted separate proceedings against both Darren Kettle and Leanna Kettle in Cayuga Nation Civil Court related to their leases, which ultimately led to a judgment against each individual. *See ECF 1*, ¶¶ 24-25, 38-39. On June 22, 2021, the Nation then commenced two state-court domestication proceedings *Matter of Cayuga Nation v. Darren Kettle,* (Index No. 20210286) and *Matter of Cayuga Nation v. Leanna Kettle,* (Index No. 20210297). *Id.,* ¶ 26. On November 29, 2023, Judge Porsch issued a decision vacating a previous default judgment in the Leanna Kettle matter and the Nation has appealed that decision to the Fourth Department of the New York State Supreme Court Appellate Division. *See ECF 1*, ¶¶ 29-30. The Fourth Department is scheduled to hear oral arguments on that issue in February of 2025. *Id.*

On August 27, 2024, Darren Kettle, filed a "Proposed Order to Show Cause, Seeking a Temporary Restraining Order and Preliminary Injunction," preventing the Nation from, among other things, evicting him from the Bayard Street premises. *See ECF 1-23.* Similarly, on August 27, 2024, Leanna Kettle, filed a "Proposed Order to Show Cause, Seeking a Temporary Restraining Order and Preliminary Injunction," preventing the Nation from, among other things,

evicting anyone from the premises located at 22 Seneca Road. *See ECF 1-21.* The OTSCs filed by Leanna Kettle and Darren Kettle were signed by Judge Porsch and scheduled for hearing on September 5th. *See ECF 1-21, 1-23.* These matters are now stayed following the filing of this lawsuit.

## ARGUMENT

## PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(1) BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION

Plaintiff's Complaint states this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1362 because this action is brought by an Indian Nation and arises under the federal common law of Indian affairs. "A cause of action raises an issue of federal law only when a right or immunity created by the Constitution or laws of the United States . . . [is an] essential [element] of the . . . cause of action." *See New York v Shinnecock Indian Nation*, 686 F3d 133, 138 (2d Cir 2012) (*citing to Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936)).

In support of Plaintiff's jurisdictional claim, they rely on two cases which are easily distinguishable from the case at hand. First, in *Natl. Farmers Union Ins.*, the Supreme Court decided that a federal court may determine under § 1331 whether a tribal court has exceeded the lawful limits of its jurisdiction when the petitioners contend federal law has divested the tribe of its sovereignty. *Natl. Farmers Union Ins. Cos. v Crow Tribe of Indians*, 471 US 845, 853 (1985). Importantly, the action itself in *Natl. Farmers* the Supreme Court recognized it was premature fo the District Court to consider any relief, because the underlying proceedings were not fully developed. *Id.* In the instant case, the propounded question is whether an Acting New York State Supreme Court Justice has exceeded his authority, not whether a tribal court has exceeded their authority. New York courts, as explicitly stated in 25 U.S.C. § 233, have jurisdiction in civil

8

actions and proceedings between Indians to the same extent New York courts have jurisdiction in other civil actions and proceedings as defined by New York law. Thus, this question of state law, does not require the same federal analysis as *Natl. Farmers*.

The second case Plaintiffs rely on is *Van Aernam v Nenno*, 2006 US Dist LEXIS 38402, at *11 (WDNY June 9, 2006, No. 06-CV-0053C(F)), where the plaintiff sought injunctive relief pursuant to a federal statute, Section 1983, not federal common law. Here Plaintiff's complaint does not seek any prospective relief pursuant to § 1983. The Nation here has one common law count of "Unlawful Interference with Sovereign Authority of Indian Nation and Trial Affairs." At its core, this case is not about the federal common law, it is an attempt to drag this Court into a landlord-tenant dispute. The Nation wants to remove tenants from land that it owns, and they want this Court to rubber stamp their authority to throw Julius and Darren Kettle out onto the street.

Federal courts do not have jurisdiction over landlord-tenant matters, even when those claims purport to reference or rely on federal law. *See, e.g., Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005) (amended summary order) ("[A] landlord-tenant dispute [is one] over which the federal courts simply have no [federal question] jurisdiction."); *29 Flatbush Ave. Assocs., LLC v. Cain*, No. 17-CV-6173, 2017 U.S. Dist. LEXIS 194589, 2017 WL 5696485, at *2 (E.D.N.Y. Nov. 27, 2017) ("The law is well settled that the landlord-tenant relationship are fundamentally a matter of state law, and federal courts lack subject-matter jurisdiction over state residential landlord-tenant matters."); *United Mut. Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002) (noting that "the landlord-tenant relationship is fundamentally a matter of state law" and that "[t]ime and again, district courts have disclaimed jurisdiction over landlord-tenant disputes"). There is no jurisdiction conferred upon this court pursuant to U.S.C. § 1331, as such,

this Court need not proceed to the merits of the action and should outright dismiss the complaint pursuant to FRCP 12(b)(1) and deny the request for a preliminary injunction.

## PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE OF THE DOCTRINE OF ABSTENTION

Even if this Court were to have subject matter jurisdiction over this proceeding, the general abstention and the *Younger* abstention doctrines, inform us that the Court should abstain from entertaining this action. When a concurrent state court proceeding is pending, district courts have the discretion to abstain from exercising jurisdiction based upon "considerations of [w]ise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) (*internal quotations omitted*). Moreover, the Supreme Court has given district courts even greater discretion in deciding whether to abstain from exercising jurisdiction over declaratory judgment actions that raise similar issues to those raised in a concurrent state court proceeding. *See Brillhart v. Excess Insurance Company*, 316 U.S. 491 (1942); *see also Wilton v. Seven Falls Company*, 515 U.S. 277 (1995).

The Second Circuit has declared the abstention doctrine gives the district court broader discretion to determine "whether and when to entertain an action ..., even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Youell v. Exxon*, 74 F.3d 373 (2nd Cir. 1996). The Court when considering abstention based on a concurrent state court proceeding must determine, "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Id.*

Here, Plaintiffs ask this Court to issue an injunction that would prevent Judge Porsch from making certain decisions in two matters pending before him: *Matter of Cayuga Nation v. Darren Kettle,* (Index No. 20210286) and the matter of *Matter of Cayuga Nation v. Leanna Kettle,* (Index No. 20210297). The Orders to Show Cause in these matters were issued by Judge Porsch on August 26, 2024. *See ECF 1-21, 1-23.* The Nation opposed the OTSC in the Darren Kettle case on September 5, 2024. *See Memo of Law OTSC Opp, NYSCEF Doc. 94, Index No. 20210286; Marsella Decl. Exhibit B.* The Nation also opposed the OTSC in the Leanna Kettle case on September 5, 2024. *See Memo of Law OTSC Opp, NYSCEF Doc. 88, Index No. 20210297; Marsella Decl. Exhibit C.* The central arguments in their opposition to the OTSCs, that Seneca County Supreme Court lacks jurisdiction to adjudicate the motion and the issuance of provisional relief violates the Nation's sovereign immunity, largely overlap with the arguments raised in this proceeding. *See Marsella Dec. Ex. B. pgs., 6-13; Marsella Dec. Ex. C., pgs., 6-10; ECF 3-1, Memorandum of Law in Support of Motion for Preliminary Injunction, pgs., 12-20.* As such, the Seneca County Supreme Court is aptly suited to handle these matters.

Preliminary injunctions are proper under New York law "where it is necessary to preserve the status quo during the pendency of litigation." *See generally, Felix v Brand Serv. Group LLC,* 101 AD3d 1724, 1725 (4th Dept 2012). Judge Porsch is adequately equipped to issue a decision issuing or denying a temporary restraining order. He also is adequately equipped to hear and evaluate the entirety of the arguments the Nation has put forth in their opposition to the OTSCs. Judge Porsch would have heard the Nation's position and issued a determination on the merits, however, the Nation asked this Court to intervene and issue an order prohibiting Judge Porsch from issuing decisions.

11

Federal district courts do not exist as an intermediary appellate court for state court proceedings when a party is unhappy with their assigned judge or an interim court order. *See generally, Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283, (2005) ("[A]ppellate jurisdiction to reverse or modify a state-court judgment is lodged . . . exclusively in th[e] [Supreme] Court."). Even if this matter were decided in error by Judge Porsch, the Nation may challenge and appeal the decision as allowed under New York law until they have exhausted their arguments at New York's court of last resort. This Court should abstain because the Nation has not

Beyond general abstention, the "*Younger* abstention doctrine provides that federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings." *Weiss v New York*, 2024 U.S. App. LEXIS 13590, at *3 (2d Cir June 5, 2024, No. 22-2326-cv) (*quoting Spargo v. N.Y. State Comm'n on Jud. Conduct*, 351 F.3d 65, 74 (2d Cir. 2003)). *Younger* abstention applies to (1) state criminal prosecutions, (2) civil enforcement proceedings akin to criminal prosecutions, and (3) civil proceedings that implicate a state's interest in enforcing the orders and judgments of its courts. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013). This lawsuit falls squarely in the third category. The state proceedings remain pending before Judge Porsch and an order issued in the *Leanna Kettle* matter by Judge Porsch has been appealed by the Nation. The Nation is now awaiting oral argument before the appellate division. When interim orders are pending in a state court proceeding abstention is appropriate. *See Weinstein v. Bogacz*, 320 F. App'x 56, 57 (2d Cir. 2009) (Summary Order) ("Younger abstention was appropriate in light of the then-pending appeals of the various sanctions orders entered in the state court proceeding.").

Additionally, New York has an interest in its authority to issue preliminary injunctions and domesticate foreign judgments. A tribal court judgment is a foreign judgment. *Matter of Cayuga Nation v Parker*, 229 AD3d 1066, 1068 (4th Dept 2024). New York State is not obligated to give effect to the Nation's judgments, rather Courts "have discretion to consider whether the determination comports with the laws and public policy of this State and to determine whether to enforce it." *Id. at* 1068 (*citing Unkechaug Indian Nation v Treadwell*, 192 AD3d 729, 733 (2d Dept 2021). New York Courts, including the Fourth Department Appellate Division, have refused to give effect to Cayuga Nation's judgments when the Nation fails to comport to the requirements laid out under New York law. *Matter of Cayuga Nation v Parker*, 229 AD3d 1066, 1068 (4th Dept 2024). The complaint in this action attacks the state court's authority to adjudicate these proceedings. Even absent an express granting of authority, "25 U.S.C. § 233 and Indian Law §§ 5 and 11-a of course reflect important federal and state interests in preserving Indians access to New York courts." *Cayuga Nation v Campbell*, 34 NY3d 282, 293 (2019). Given that the issues giving rise to this action can be resolved in the state court proceedings and that they implicate the Seneca County Supreme Court's interests and authority, this Court should abstain from exercising jurisdiction and dismiss the matter to allow the state court proceedings to play out.

**SIMILARLY PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THE CLAIMS ARE NOT RIPE**

This case does not satisfy Article III because Plaintiff lacks standing and the claim is not ripe. For the reasons set forth above, and by virtue of the ongoing state proceeding, Plaintiff has merely speculated regarding an injury-in-fact. When an injury in fact has yet to come to fruition, Plaintiff has not pleaded a live "case or controversy," and this Court lacks jurisdiction over

Plaintiff's. Standing requires the plaintiff to plead an injury-in-fact. *See Robinson v. Sessions*, 260 F. Supp. 3d 264, 271–72 (W.D.N.Y. 2017) (Geraci, C.J.), *aff'd*, 721 F. App'x 20 (2d Cir. 2018). To have standing Plaintiff's injury must be imminent rather than conjectural or hypothetical. *See NY Civ. Liberties Union v Grandeau*, 528 F3d 122, 130, (2d Cir 2008).

The Nation claims Judge Porsch has "previously agreed with the inflammatory proposition that the Nation's judicial system offers no due process and is invalid." *ECF 1, pg. 3, ¶ 6*. Plaintiff's concern that Judge Porsch will deem the Nation's judicial system as invalid is entirely based on conjecture. It is unclear whether the validity of the Court's judicial system is even necessary to resolve the underlying state court matters and given the premature nature of this federal filing, it is unclear whether there is any legitimate risk of that happening. Given this lack of standing, the lawsuit must be dismissed.

## ABSOLUTE JUDICIAL IMMUNITY AND THE ELEVENTH AMENDMENT REQUIRES DISMISSAL OF THIS ACTION PURSUANT TO FRCP 12(b)(6)

This lawsuit must also be dismissed as Judge Porsch is protected by absolute judicial immunity and the eleventh amendment. *See Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020) (holding that claims against a judge were barred by absolute judicial immunity and therefore properly dismissed pursuant to Rule 12(b)(6)). To survive a motion to dismiss, a complaint must contain enough facts, accepted as true, to "state a claim to relief that is plausible on its face." *Orange Transportation Servs., Inc. v. Volvo Grp. N. Am., LLC*, 450 F. Supp. 3d 311, 318 (W.D.N.Y. 2020), (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Judicial immunity is absolute immunity from suit, not just the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102, 104 (1984) ("[A] suit against state officials that is in fact a suit against a State is barred regardless of

whether it seeks damages or injunctive relief"). Even if this Court were to look at Judge Porsch's actions and determine that he has made a clear error of law, that does not mean he should be subjected to this litigation. Judges may avail themselves to judicial immunity "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (*quotation omitted*). The Eleventh Amendment bars official-capacity claims against state officials, including state-court judges, in federal court. Judicial immunity and the eleventh amendment go hand and hand to shields judges from official capacity and individual capacity lawsuits. *Oliphant-Macher v Macher*, 2024 US Dist LEXIS 175465, at *9 (D Conn Sep. 27, 2024, No. 3:23-CV-1450 (SVN)). In the instant case, the matter should be dismissed regardless under both theories.

In determining whether to apply judicial immunity, courts must determine whether the allegedly unlawful acts were: (1) judicial in nature, and (2) not taken "in the complete absence of jurisdiction." *Huminski v. Corsones*, 396 F.3d 53, 75 (2d Cir. 2004). In assessing whether acts are judicial in nature, courts look to various factors, including the defendant's insulation from political influence; the presence of safeguards that reduce the need for an action for damages; the existence of an adversarial process; the importance of precedent; the possibility of correction on appeal; and the defendant's interests in performing his functions "without harassment or intimidation." *Gross v. Rell*, 585 F.3d 72, 88 (2d Cir. 2009). By dismissing this action on grounds of judicial immunity, this Court can insulate Judge Porsch from the Nation's attempt to unduly influence his position on the case and can shield him from any improper harassment and intimidation.

The Nation argues that Judge Porsch operated "in the complete absence of jurisdiction" but it is undisputed that Judge Porsch had jurisdiction over the domestication proceedings

15

pursuant to Article 4, CPLR §202.71. The Nation argues that because the concept of sovereign immunity exists, Judge Porsch committed "a grave and unlawful intrusion into the Nation's sovereignty" by issuing a temporary OTSC. As previously stated, the OTSCs issued by Judge Porsch pursuant to Article 63, CPLR § 6301, simply paused the status quo and were scheduled to be resolved within a few business days. It is the Nation's actions that led to the underlying state proceedings being stalled. Moreover, the mere existence of the concept of sovereign immunity cannot prevent the Nation from being obligated to appear and respond to the Kettle's OTSC's in litigation that the Nation itself initiated.

Under New York law, privileges and immunities of any type, including sovereign immunity, are considered to be affirmative defenses and therefore something that must be raised by the responding party and on which the responding party has the burden of proof. *See CPLR § 3018*, *see Aboujdid v Singapore Airlines*, 67 NY2d 450, 459, (1986). The initial burden of establishing sovereign immunity is on the party seeking to invoke the defense to plead and prove the facts that establish it is entitled to the protection of immunity. *See Sherpa v New York City Health & Hosps. Corp.*, 90 AD3d 738, 740, 934 NYS2d 463 (2d Dept 2011). In the instant case, because the matters were stayed upon the filing of this federal action, prior to Judge Porsch hearing the Nation's response to the OTSC or ruling on the OTSC; Judge Porsch has not declared that the Nation is or is not entitled to sovereign immunity. Thus, he has not yet weighed in on or infringed upon their sovereign immunity.

Moreover, federal district courts do not have the authority to overrule state courts on the proper interpretation of state law. *Portalatin v. Graham*, 624 F.3d 69, 89- 90 (2d Cir. 2010) (en banc). Matters such as these, which implicate the landlord-tenant relationship are fundamentally a matter of state law. *See New Yorker Hotel Mgt. Co. v Barreto,* 2022 US Dist LEXIS 78766, at

16

*7 (SDNY Apr. 29, 2022, No. 22-CV-2960 (LTS). Importantly, state-court judges are absolutely immune from suits alleging, as this action does, that they violated a litigant's rights in the course of performing their core judicial function of deciding cases. *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990). This lawsuit is entirely predicated on Judge Porsch's decision to sign the OTSC and he is absolutely immune from suit challenging his judicial decision to issue the OTSC.

The Supreme Court has carved out an exception to Eleventh Amendment immunity to address ongoing violations of federal law, but that decision specifically exempted state-court judges. *Ex parte Young*, 209 US 123, 163 (1908) ("It is proper to add that the right to enjoin an individual, even though a state official, from commencing suits under circumstances already stated, does not include the power to restrain a court from acting in any case brought before it, either of a civil or criminal nature."). *Ex parte Young* does not authorize federal courts to issue injunctions against state-court judges that would prevent them from performing their judicial functions. *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39-40 (2021). "If a state court errs in its rulings, too, the traditional remedy has been some form of appeal, including to [the Supreme Court], not the entry of an ex ante injunction preventing the state court from hearing cases." *Id.* "An injunction against a state court" or its "machinery" "would be a violation of the whole scheme of our Government." *Ex parte Young*., at 163. The Nation's attempt to enjoin Judge Porsch is in effect a request to overturn the scheme of New York's judiciary and cannot stand. All told, Judge Porsch was operating within his authority while presiding over these matters and is entitled to absolute judicial immunity for his decision to issue the OTSCs. As such, this lawsuit must be dismissed pursuant to FRCP 12(b)(6).

**PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF SHOULD**

**SIMILARLY BE DENIED**

If this Court were to deny Defendant Porsch's motion to dismiss this matter and address Plaintiff's request a preliminary injunction, their request should be denied. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24, (2008). An injunction, under circumstances such as these, impacting a state court proceeding are generally prohibited. The Anti-Injunction Act, 28 U.S.C. § 2283, dictates that a U.S. district court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. Under circumstances such as this, Plaintiff must satisfy a heightened standard of "show[ing] a clear or substantial likelihood of success on the merits, and [by] mak[ing] a strong showing of irreparable harm." *See JTH Tax, LLC v Agnant*, 62 F.4th 658, 667 (2d Cir 2023) (*internal citations omitted)*. The heightened burden applies when Plaintiff one, "seeks an injunction that provides him substantially all the relief he seeks in the litigation, and that cannot be meaningfully undone in the event that the enjoined party prevails at trial on the merits" or two, seeks a mandatory injunction that "alter[s] the status quo," which usually is done by "commanding some positive act." *Id.*

**PLAINTIFF HAS NOT ESTABLISHED A LIKELIHOOD OF SUCCESS ON THE MERITS BECAUSE JUDGE PORSCH IS IMMUNE FROM SUIT DUE TO JUDICIAL IMMUNITY AND THE ELEVENTH AMENDMENT**

As previously articulated, the principles of judicial and eleventh amendment immunity make Judge Porsch immune to suit. "[T]he function of resolving disputes between parties, or of authoritatively adjudicating private rights" is entitled to protection by judicial immunity. *Antoine v. Byers & Anderson, Inc.* 508 U.S. 429, 435 – 436 (1993) (*citing Burns v. Reed,* 500 U.S. 478, 500 (1991)). If, this Court denies the motion to dismiss under Rule 12(b)(6), Defendant Porsch retains the right to develop a factual record and defend the allegations against him on the merits. Plaintiff cannot easily overcome the immunities afforded to Judge Porsch under the circumstances alleged here. As such, Plaintiff has failed to establish a likelihood of success on the merits and the preliminary injunction should be denied.

**PLAINTIFF HAS NOT ESTABLISHED AN IRREPARABLE INJURY**

The Nation claims that they will suffer immediate and irreparable harm if an injunction is not granted because they should not be compelled to expend time and effort on litigation in a court that does not have jurisdiction. The Nation argues that the underlying landlord tenant disputes that have led to this action can only be heard in tribal court. Even if, *arguendo*, such a violation of jurisdictional restrictions was irreparable, the Nation's motion hinges on its position that its tribal court has exclusive jurisdiction over landlord tenant disputes. Their position is unsupported by the law or the facts in this instance.

In fact, the very leases governing the landlord tenant relationships in the state court proceedings explicitly state, "Tenant agrees that this Lease shall be governed by the laws of the State of New York, and no other law(s), be it the law of the Cayuga Nation or any other entity,

19

shall apply to the Tenant's performance of the terms and conditions of this Lease. Tenant agrees to be subject to the jurisdiction of courts of the State of New York, including Seneca County Supreme Court or Seneca County Court, or the Town of Seneca Falls Town Court, in Landlord's sole determination, in connection with any action brought by Landlord against Tenant to enforce the terms and conditions of this Lease." *ECF* 1-14, *pg.* 19; *Marsella Dec. Ex. B, at pg.* 10-11. The Nation fails to mention these terms in their *Complaint*.

The Nation also ignore 25 U.S.C. § 233, which provides: "The courts of the State of New York under the laws of such State shall have jurisdiction in civil actions and proceedings between Indians or between one or more Indians and any other person or persons to the same extent as the courts of the State shall have jurisdiction in other civil actions and proceedings, as now or hereafter defined by the laws of such State."  The fact that the Nation itself has entered into an agreement acquiescing to "the jurisdiction of courts of the State of New York, including Seneca County Supreme Court" makes clear that they will not be irreparably harmed by having the Seneca County Supreme Court exercise jurisdiction. As such they are not entitled to a preliminary injunction.

## PLAINTIFF HAS NOT ESTABLISHED AN INJUNCTION IS IN THE PUBLIC INTEREST

Finally, the Nation's request for a preliminary injunction must be denied because it has not established that the balance of equities tips in its favor or that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24, (2008). The Nation has indicated that they issued an eviction notice on Julius Kettle and he must vacate his property by August 29, 2024. *ECF 1,* pg. 11, ¶ 35. They also indicated that they have obtained a warrant of eviction and Daren Kettle has until August 28, 2024, to vacate his property. *ECF 1,* pg. 15, ¶ 52. Many courts

have found that the threat of "imminent and actual eviction" causes irreparable harm. *See Oliva v. Brookwood Coram I, LLC*, No. 14-CV-2513, 2015 U.S. Dist. LEXIS 179084, 2015 WL 13745439, at *6 (E.D.N.Y. Nov. 30, 2015) (collecting cases). Given that Defendants Julius and Daren Kettle may face imminent eviction and homelessness if this Court were to grant Plaintiff's motion for a preliminary injunction, public interest weighs against the issuance of the proposed preliminary injunction.

## THIS MATTER SHOULD BE DISMISSED FOR THE REASONS ARTICULATED BY CO-DEFENDANTS

Judge Porsch incorporates by reference the arguments included in Co-Defendants Julius and Daren Kettle's motion to dismiss. *ECF 14-3.* For the reasons articulated by Co-Defendants, this matter must be dismissed as a matter of law.

## CONCLUSION

For the reasons set forth above, Defendant Porsch respectfully submits that the claims in this action should be dismissed in their entirety and with prejudice and Plaintiff's motion for a preliminary injunction should be denied in all respects.

Dated: October 11, 2024

LETITIA JAMES
Attorney General of the State of New York
*Attorney for Defendant Barry L. Porsch*

_____

**John Marsella**
**Assistant Attorney General**
**New York State Office of the Attorney General**
Rochester Regional Office
144 Exchange Blvd., Suite 200
Rochester, New York 14614
Tel: (585) 327-3225
Fax: (585) 546-7514
john.marsella@ag.ny.gov